IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SARAH UNDERWOOD**                                                            **PLAINTIFF**

**v.**                                          Civil No. 1:18cv24-HSO-JCG

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS, PELICIA HALL,
BRYAN SCOTT DAVIS, BEN WHITE**                             **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT BRYAN
SCOTT DAVIS'S MOTION [28] FOR PARTIAL SUMMARY JUDGMENT**</u>

BEFORE THE COURT is Defendant Bryan Scott Davis's Motion [28] for Partial Summary Judgment. For the reasons that follow, the Court finds that the Motion should be denied.

I. <u>BACKGROUND</u>

On January 19, 2018, Plaintiff Sarah Underwood ("Plaintiff") filed suit in this Court against Defendants Mississippi Department of Corrections ("MDOC"), Pelicia Hall, Bryan Scott Davis ("Davis"), and Ben White (collectively, "Defendants"). Compl. [1]. Plaintiff filed a First Amended Complaint [12] against Defendants on May 2, 2018. First Am. Compl. [12]. The First Amended Complaint advances claims under Miss. Code Ann. § 25-9-149, the Rehabilitation Act, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, state defamation law, and 42 U.S.C. § 1983, arising out of sexual harassment and retaliation Plaintiff alleges occurred during her employment with MDOC. *Id.* at 6-8.

The Attorney General for the State of Mississippi sent Davis a letter on April 23, 2018, informing Davis that the State would not provide him with a defense to Plaintiff's suit, nor would it indemnify him. Mot. for Partial Summ. J. Ex. A [28-1]. The Attorney General based this on a finding that the allegations against Davis "all involve matters and conduct outside the scope and course of [his] employment with MDOC." *Id.*

Davis filed a cross-complaint against MDOC seeking a declaratory judgment that he was acting within the course and scope of his employment and that MDOC owed him a defense and was required to indemnify him. Answer and Cross-cl. [16] at 3. MDOC denied that it owed Davis these duties, Answer to Cross-cl. [18] at 1-2, and Davis filed the present Motion [28] for Partial Summary Judgment Requiring Mississippi Department of Corrections to Provide a Defense for Defendant Bryan Scott Davis, Mot. for Partial Summ. J. [28]. Davis argues that (1) the acts complained of were related to and incidental to his employment; and (2) MDOC knew of and ratified his actions. *Id.* at 1. MDOC counters that Davis's actions did not fall within the course and scope of his employment, and that even if they did, Davis is still not owed a defense by MDOC. Mem. in Opp'n [31] at 3-4.

## II. DISCUSSION

A. Summary judgment standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When a movant files an "offensive" motion for summary judgment and bears the burden of proof on that claim, the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

B. <u>Duty to defend under Mississippi law</u>

The Mississippi Tort Claims Act waives sovereign immunity for claims for money damages "arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment." Miss. Code Ann. § 11-46-5. Every "governmental entity shall be responsible for providing a defense to its employees . . . in any civil action or the settlement of any claim against an employee for money damages arising out of any act or omission within the course and scope of his employment." Miss. Code Ann. § 11-46-7(3). This duty to defend exists whether the case is brought in state or federal court. Miss. Code Ann. § 11-46-7(4).

In addition, "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. § 11-46-7(2). "To be within the course and scope of employment, an activity must carry out the employer's purpose of the employment or be in furtherance of the employer's business." *Cockrell v. Pearl River Valley Water Supply Dist.*, 865 So. 2d

357, 361-62 (Miss. 2004). There is a rebuttable presumption that an act of an employee "within the time and at the place of his employment is within the course and scope of his employment." Miss. Code Ann. § 11-46-7(7).

A governmental entity is not liable for employee misconduct that occurs outside the course and scope of his employment, such as "fraud, malice, libel, slander, defamation, or any criminal offense other than traffic violations." Miss. Code Ann. § 11-46-7(2); *Cockrell*, 865 So. 2d at 361. Sexual misconduct also falls outside the course and scope of employment. *Cockrell*, 865 So. 2d at 362.

C. <u>Defendant Davis has not carried his burden of proving each element of his cross-claim beyond peradventure.</u>

Under Sections 11-46-5 and 11-46-7 of the Mississippi Code, MDOC owes a duty to defend Davis on any tort claim arising from conduct that occurred during the course and scope of his employment. To show that he is entitled to a defense on Plaintiff's claims against him, Davis must show beyond peradventure that the actions he is alleged to have committed are torts and that they occurred within the course and scope of his employment with MDOC. Miss. Code Ann. § 11-46-7.

1. <u>Defamation claim</u>

The First Amended Complaint advances a claim for defamation and alleges that Davis: (1) called Plaintiff's coworkers and supervisors and told them that she was trying to "get them fired and to 'watch out' for Plaintiff"; and (2) falsely told Plaintiff's coworkers and supervisors that Plaintiff had sent Davis sexually provocative pictures of herself in her underwear. First Am. Compl. [12] at 2-3.

To the first element of Davis's claim that he is entitled to a defense,

defamation is considered a tort. *Speed v. Scott*, 787 So. 2d 626, 631 (Miss. 2001) (describing the "general tort of defamation"). The question is whether this alleged tort fell within the course and scope of Davis's employment.

Davis has not shown beyond peradventure that a claim for his alleged defamatory actions fell within the course and scope of his employment within the meaning of Section 11-46-7(7). Defamation is categorically not an action undertaken within the course and scope of employment, Miss. Code Ann. § 11-46-7(2), and merely reciting that his conduct occurred at the time and place of employment is insufficient to overcome this categorical exclusion. Davis has not provided additional, specific evidence showing how these allegedly defamatory comments somehow fall within the course and scope of his employment as a probation officer. As such, Davis has not carried his burden to show beyond peradventure that he is entitled to a defense on the defamation claim.

2.   Remaining claims against Davis

The remaining claims in the First Amended Complaint allegedly arise under Mississippi Code § 25-9-149, the Rehabilitation Act, the Americans with Disabilities Act, Title VII, and 42 U.S.C. § 1983. *Id.* at 6-8. Plaintiff alleges that Davis sexually harassed her, First Am. Compl. [12] at 2, and that all Defendants acting collectively took other actions against her, *id.* at 4-5.

Davis has not sufficiently carried his initial burden of demonstrating how any of these remaining claims are "torts" within the meaning of Section 11-46-5. Davis has not pointed the Court to any authority or evidence, and certainly not proof

showing beyond peradventure, how the remaining claims fell within the course and scope of his employment within the meaning of the Mississippi Tort Claims Act. In sum, Davis has not carried his summary judgment burden, and his Motion [28] for Partial Summary Judgment will be denied.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Bryan Scott Davis's Motion [28] for Partial Summary Judgment Requiring Mississippi Department of Corrections to Provide a Defense for Defendant Bryan Scott Davis is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 3rd day of December, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE